JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MANUEL OLLARSABA,

        Plaintiff,

    v.

UNKNOWN,

        Defendant.

Case No. 5:21-cv-1896-SVW (MAR)

ORDER SUMMARILY DISMISSING FIRST AMENDED COMPLAINT

## I.
## **INTRODUCTION**

On November 3, 2021, Manuel Ollarsaba ("Plaintiff"), proceeding pro se, constructively filed[1] a Complaint ("Complaint"). ECF Docket No. ("Dkt.") 1. On November 16, 2021, the Court dismissed the Complaint with leave to amend. Dkt. 4. On December 10, 2021, Plaintiff filed a First Amended Complaint ("FAC"). Dkt. 6. For the reasons discussed below, the Court dismisses the FAC without leave to amend and without prejudice.

///
///
///
///

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

## II.

## **BACKGROUND**

On November 3, 2021, Manuel Ollarsaba ("Plaintiff"), proceeding pro se, constructively filed a Complaint ("Complaint").  Dkts. 1, 5.[2]  On November 16, 2021, the Court dismissed the Complaint with leave to amend because it was unclear and therefore failed to state a claim or comply with Fed. R. of Civ. P. 8.  Dkt. 4.  On December 10, 2021, Plaintiff filed a First Amended Complaint ("FAC").  Dkt. 6.

## III.

## **STANDARD OF REVIEW**

Where a plaintiff is incarcerated a court must screen the complaint under 28 U.S.C. § 1915A and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A; see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Dismissal for failure to state a claim can be warranted based on either a lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory.  See, e.g., Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).  Although the plaintiff must provide "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (citations and quotation marks omitted).

---

[2] On December 13, 2021, the Court received a filing from Plaintiff and docketed it as a Response to Order Dismissing Complaint with Leave to Amend.  Dkt. 5.  However, upon review, it appears that this filing was intended to be the substantive portion of the original complaint:  it contains a caption page and is dated November 2, 2021, one (1) day before the date on the one-page filing that this Court originally construed as the Complaint.  Id. at 1.  It is not clear why this portion of the Complaint was received so much later.  Regardless, it suffers from the same deficiencies as both the First Amended Complaint and the November 3, 2021 filing that the Court originally construed as the Complaint.  For clarity and ease of reference, this Order refers to both Dkt. 1 and Dkt. 5 together as the Complaint.

2

1      In considering whether a complaint states a claim, a court must accept as true
2 all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892–93
3 (9th Cir. 2011). However, a court need not accept as true "allegations that are merely
4 conclusory, unwarranted deductions of fact, or unreasonable inferences." In re
5 Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). The court must also
6 construe the pleading in the light most favorable to the pleading party and resolve all
7 doubts in the pleader's favor. See, e.g., Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir.
8 2005). Pro se pleadings are "to be liberally construed" and are held to a less stringent
9 standard than those drafted by a lawyer. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir.
10 2010) ("Iqbal incorporated the Twombly pleading standard and Twombly did not
11 alter courts' treatment of pro se filings; accordingly, we continue to construe pro se
12 filings liberally when evaluating them under Iqbal.").

13      However, a pro se complaint may be dismissed as frivolous if "the facts alleged
14 rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504
15 U.S. 25, 26 (1992). The term " 'frivolous,' when applied to a complaint, embraces not
16 only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke
17 v. Williams, 490 U.S. 319, 325 (1989).

18      If a court finds the complaint should be dismissed for failure to state a claim, a
19 court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203
20 F.3d 1122, 1126–30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it
21 appears possible the defects in the complaint could be corrected, especially if the
22 plaintiff is pro se. Id. at 1130–31; see also Cato v. United States, 70 F.3d 1103, 1106
23 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot
24 be cured by amendment, a court may dismiss without leave to amend. Cato, 70 F.3d
25 at 1105, 1107–11.

26 ///
27 ///
28 ///

# IV.

# DISCUSSION

**A.  THE COMPLAINT FAILS TO STATE A CLAIM OR COMPLY WITH RULE 8**

**1.  Applicable law**

Rule 8 requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8.  Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  See Twombly, 550 U.S. at 555.  "[T]he 'short and plain statement' [required by Rule 8] must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.' "  Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005).

A court may dismiss a complaint because it is unintelligible or frivolous "where it lacks an arguable basis either in law or in fact." Williams, 490 U.S. at 325.  Further, Rule 8 requires that a complaint clearly establish the claims and parties such that a defendant would have "no difficulty in responding to the claims with an answer and/or with a Rule 12(b)(6) motion to dismiss."  Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131–32 (9th Cir. 2008); Conley v. Gibson, 355 U.S. 41, 47 (1957).

**2.  Analysis**

Here, like the Complaint, the FAC provides nothing that could be construed as a cause of action or claim for relief, even when construed liberally.  Under "CLAIM I" in the "CLAIMS" section of the Civil Rights Complaint form, Plaintiff writes as follows:

> Multiple issues of harassment daily with no physical contact of trouble shooting signal low current electrical device's of government apparatus – equipment of science technology hitting the anatomy (body) to disturb the physical-mental stability multiple internal structure (inner) movement of abnormal chemical imbalance of invisible function due to the processing + manufacture's companies not following FDA regulation requirements

4

> for quality control – of environmental solution of liquids – solids form not for table usage. The reason for grievance @ the Robert Preseley Detention Center was to notified [sic] them of past + present issue due to mental health of no major illness of negative diagnosis of abnormal issue due to kitchen food + KeefeNet – work of the product of activity due to the substance being grounded to body consuming (toxic) press and neglecting situation etcetera.

Dkt. 6 at 5. Not only is Plaintiff's claim largely unintelligible, but any comprehensible factual allegations appear "irrational or wholly incredible." Denton, 504 U.S. at 26

Furthermore, Plaintiff identifies no Defendants. Under the corresponding section in the Civil Rights Complaint form, Plaintiff simply writes "unknown." Dkt. 6 at 3. Later in the FAC, Plaintiff appears to identify "Riverside County Sheriff's Department (unknown) personnal's [sic]" as a Defendant. Id. at 6. Plaintiff also lists various other individuals and entities throughout the FAC, including former Secretary of Defense Colin Powell, the CIA, NASA, Channel 7 Eyewitness News, "Major Holiday," TMZ, and the FDA. Id. at 7. It is unclear whether Plaintiff intended to name any or all of these individuals as Defendants, nor is it clear how any of them are involved in Plaintiff's allegations.

Finally, under the "REQUEST FOR RELIEF" section on the Civil Rights Complaint form, Plaintiff writes as follows:

> Immediately Assistance ("Help" 911)
> * I am entitled to better resource and more advance's (technology) facilities due to special condition of treatment that should be a first prior on the list for my mental + physical condition of health issue instead of sitting in a jail with no therapy and analyze + monitoring to endanger my life with neglecting my information with no obligation time @ the moment due to further evaluation I have no time to wait I need immediately help from professional doctor I am being hit from distance with some kind of a device used by government agencies – apparatus – equipment hitting with low-current electrical running through anatomy of abnormal feels through product of activity which is the category of FDA Regulation of government harassment and biological terrorist. Call Paul T. Raudenbush – NASA - …Channel 7 Eyewitness New Investigation - … -Congress Man – Mark Takano…

5

> \* I am entitled to a federal attorney to address my issue that I know my rights and the constitution has been violated through government agencies + multiple organization going with technology equipment with the policy of quality and patience safety policae [sic] @ the American Hospital Association – US Center for Disease Control – Prevention – Negative diagnosis of any major illness (no COVID 19) Refer – Primary Doctor Lisa Block…

Id. at 6. Plaintiff's request for help and medical assistance is troubling. However, the Court is powerless to grant any type of relief without a discernible and meritorious underlying claim. Furthermore, here, the FAC appears entirely based on fanciful allegations and therefore must be summarily dismissed.[3]

**B.  THE COMPLAINT SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND**

As discussed above, the Complaint fails to state a claim on which relief may be granted. See above, subsections IV.A. Despite being given an opportunity to correct the specific deficiencies the Court identified in the ODLA, Dkt. 4, Plaintiff was unable to correct them.

Plaintiff's inability to draft an intelligible complaint shows leave to amend would be futile. See Pearce v. LA Cty. Jail Peace Officer/Corr. Officer, No. CV 17-8092 JLS (JC), 2018 WL 3339646, at *2 (C.D. Cal. July 5, 2018) (finding where

---

[3] Additionally, to the extent Plaintiff requests appointment of counsel, his request must be **DENIED**.

There is no constitutional right to appointed counsel in civil rights actions. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). A court has no direct way to pay appointed counsel and cannot compel an attorney to represent a plaintiff. See Mallard v. U.S. Dist. Court, 490 U.S. 296, 301-10, 109 S. Ct. 1814, 104 L. Ed. 2d 318 (1989). In exceptional circumstances, a court may request counsel to voluntarily provide representation. 28 U.S.C. § 1915(e)(1); see Mallard, 490 U.S. at 301-10. To decide whether "exceptional circumstances" exist, a court evaluates both the likelihood of a plaintiff's success on the merits and plaintiff's ability to articulate claims pro se. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, while Plaintiff does show an inability to articulate his claims, he has not shown any likelihood of success on the merits. In fact, as noted above, his claims appear frivolous and subject to summary dismissal. Accordingly, not only has Plaintiff failed to show a likelihood of success on the merits that would justify the appointment of counsel, but the request appears moot.

6

plaintiff is "unwilling to draft a complaint that states viable claims for relief [the Court] deems such failure an admission that amendment is futile"). Accordingly, the Complaint should be dismissed without leave to amend. See Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) ("[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.' ") (quoting DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 n.3 (9th Cir. 1987)).[4]

## V.
## CONCLUSION

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** without leave to amend and without prejudice.

Dated: January 7, 2022

HON. STEPHEN V. WILSON
United States District Judge

Presented by:

MARGO A. ROCCONI
United States Magistrate Judge

---

[4] The Court also notes that Plaintiff has yet to pay the filing fee or request to proceed in forma pauperis ("IFP"), which could provide independent justification for dismissing the action if Plaintiff failed to pay or file a request to proceed IFP after a warning from the Court. Dkt. 3; see McGuire v. United States, No. 5:18-2370-JVS (JPR), 2019 WL 1585199, at *1 (C.D. Cal. Apr. 12, 2019) (noting a court may dismiss a prisoner's civil rights action for failure to pay the initial filing fee or fails to respond to an order to show cause regarding his filing fee). However, at this point, issuing such a warning would be a waste of both Plaintiff's and the Court's time, because even if Plaintiff were to pay the fee or apply to proceed IFP, Plaintiff's claims appear wholly frivolous and therefore would be subject to dismissal regardless.

7